FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 3:46 pm, Dec 07, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | |
|---|---|
| LARRY SMITH, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-62 |
| v. | |
| DR. SHARON LEWIS; DR. YARBOROUGH; NURSE COOPER; NURSE TURNER; and NURSE COLEMAN, in their individual and official capacities, | |
| Defendants. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Hays State Prison in Trion, Georgia, filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is now before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1.    Plaintiff's claims against Defendant Turner;

2.    Plaintiff's claims against Defendant Coleman;

3.    Plaintiff's claims against Defendant Yarborough;

4.    Plaintiff's claims for injunctive relief against Defendant Cooper; and

5.    Plaintiff's claims for monetary relief against Defendants in their official capacities.

I also **RECOMMEND** the Court **DENY** Plaintiff's request for preliminary injunctive relief.

However, I **FIND** some of Plaintiff's claims may proceed.  Specifically, the Court directs service, by separate Order, of Plaintiff's deliberate indifference claims against Defendant Cooper and Defendant Lewis.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 based on events that occurred at Smith State Prison in 2018.  Doc. 1.  In his Complaint, Plaintiff alleges he tested positive for Hepatitis C in May or June 2018.  In June 2018, an unspecified nurse told him he would not receive treatment until his condition worsened.  Id. at 3.  He alleges he never received any updates on his condition and was not scheduled for a follow-up appointment for nearly two months.  Id.  He made numerous attempts to get help regarding his medical condition and even contacted Dr. Sharon Lewis, the Medical Director for the Georgia Department of Corrections.  Id. at 5.  During his yearly physical on July 24, 2018, he inquired about Hepatitis C treatment and was told by the nurse, Defendant Coleman, about how expensive it would be to treat him, from which Plaintiff inferred economic factors were being taken into account regarding his treatment.  On July 25, 2018, Plaintiff attended an unrelated medical appointment where he alleges he learned Defendant Cooper had forged his signature on a form refusing treatment for Hepatitis C.  Id.[2]

Plaintiff is now suing Defendants in their official and individual capacities.  He seeks $1 million in compensatory and punitive damages and preliminary injunctive relief in the form of a transfer to Augusta Medical Center for treatment.  Id.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During

---

[1]      During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[2]      Plaintiff also mentions the presence of a nurse Bowman during an appointment, though he does not include her as a Defendant.  Doc. 1 at 4.

the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

## I.    Claims for Monetary Damages Against Defendants in Their Official Capacities

Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits based on the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against

a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities to the extent they are employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary relief against Defendants in their official capacities, and, therefore, the Court should **DISMISS** any such claims.

## II.    Claims Against Nurse Turner

While Plaintiff names Nurse Turner as a Defendant in this case, he fails to raise any allegations concerning this person. Doc. 1 at 3. There is one unnamed "defendant nurse" he refers to when describing his treatment plan in June 2018, id., but there is no indication he intended this reference to mean Defendant Turner as opposed to one of the other nurses he named in his Complaint, such as Defendants Cooper and Coleman.

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). In this case, there is no indication of what actions of Defendant Turner, if any, are alleged to be in violation of the Constitution. As Plaintiff has failed to raise any allegations concerning Defendant Turner, I **RECOMMEND** the Court **DISMISS** his claims against Defendant Turner.

4

### III.   Claims Against Defendant Coleman

As for Defendant Coleman, Plaintiff only alleges this nurse commented on the cost of Hepatitis C treatment, noting it was expensive.  Doc. 1 at 5.  Plaintiff inferred this meant his medical needs were being ignored due to economic factors.  Id.  Plaintiff's allegation concerning Defendant Coleman's comment fails to adequately allege Defendant Coleman was deliberately indifference to his serious medical needs.  To prevail on a claim of deliberate indifference, Plaintiff must show: (1) a serious medical need; (2) deliberate indifference to that need on the part of the defendant; and (3) causation.  See Mann v. Taser Intern, Inc., 588 F.3d 1291, 1306–07 (11th Cir. 2009).  "With respect to prisoners' medical care, . . . the Eighth Amendment doesn't require it to be 'perfect, the best obtainable, or even very good.'  Rather, . . .'[m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1271 (11th Cir. 2020) (citation omitted).  Further, "[t]he Eighth Amendment does not prohibit prison officials from considering cost in determining what type (or level) of medical care inmates should receive."  Id. at 1277.  Here, Plaintiff fails to allege any conduct by Defendant Coleman that could be deemed "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Defendant Coleman's comment on the cost of Hepatitis C treatment, without more, does not constitute the sort of deliberate indifference required to state a claim under the Eighth Amendment and, therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Coleman.

IV.     **Claims Against Defendant Yarborough**

While Plaintiff brings this action against Defendant Yarborough as the Smith State Prison Medical Director, he fails to point to any individual actions by Defendant Yarborough that violated the Constitution.

"Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or respondeat superior." Averhart v. Warden, 590 F. App'x 873, 874 (11th Cir. 2014) (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)).  Rather, "[a] supervisor can be held liable under § 1983 if he personally participates in the alleged constitutional violation or if a causal connection exists between his acts and the constitutional infirmity."  Id.  "A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008).

Here, Plaintiff fails to allege any facts that would sufficiently establish a causal connection between Defendant Yarborough and Plaintiff's treatment plan for his Hepatitis C diagnosis.  Defendant Yarborough's position as Medical Director at Smith State Prison is not enough on its own to support Plaintiff's § 1983 claim.  Plaintiff must allege some sort of personal involvement by Defendant Yarborough in his care, a causal connection between Defendant Yarborough's policies or directives and Plaintiff's resulting treatment, or a history of widespread abuse.  He fails to do any of this in his Complaint.

As a result, I **RECOMMEND** the Court **DISMISS** Defendant Yarborough from this action.

## V.    Claims for Injunctive Relief Against Smith State Defendants

Any claim for injunctive relief against the health care providers at Smith State Prison will also fail.  The record indicates Plaintiff is no longer housed at Smith State Prison.  See Docs. 1-1, 6-1 (indicating return address of Hays State Prison).  "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984); see also Robbins v. Robertson, 782 F. App'x 794, 800 (11th Cir. 2019) (noting "an injunction directing his former prison officials to provide Plaintiff with a particular diet would provide Plaintiff with no relief"). Here, an injunction directing any of the Defendants at Smith State Prison to transfer Plaintiff or to provide any other injunctive relief would serve no purpose, as Plaintiff is no longer housed at their facility.  Accordingly, I **RECOMMEND** the Court **DISMISS** any claims for injunctive relief against Defendants Yarborough, Turner, Coleman, and Cooper.

However, the Court will allow Plaintiff to proceed with his request for injunctive relief against Defendant Lewis.[3]

---

[3]    Defendant Lewis has been identified by Plaintiff as the Medical Director for the Georgia Department of Corrections.  Doc. 1 at 5.  The Court, therefore, leaves open the possibility that, by virtue of her position, she may be suable in her official capacity for Plaintiff's claim requesting injunctive relief. See Luckey v. Harris, 860 F.2d 1012, 1015–16 (11th Cir. 1988) ("Personal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity . . . .  [I]t is sufficient that the state officer sued must, 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct complained of." (citing Ex parte Young v., 209 U.S. 123, 157 (1908))).

## VI.   Plaintiff's Request for Preliminary Injunction in the Form of a Transfer to Augusta Medical Center

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court."  Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002).  To be entitled to a preliminary injunction, a plaintiff must demonstrate:

> (a) there is a substantial likelihood of success on the merits; (b) the . . . preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the . . . preliminary injunction would cause to the non-movant; and (d) the . . . preliminary injunction would not be averse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

"[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to all four elements."  Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001) (citation and quotations omitted). Further, in a civil action concerning prison conditions, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  "The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ."  Id.

In reviewing Plaintiff's Complaint, the Court finds Plaintiff fails to establish the burden of persuasion required to issue a preliminary injunction.  At this point, the merits of his claim are still uncertain.  Additionally, Plaintiff fails to persuade the Court a transfer to "Augusta Medical Center"[4] is necessary to prevent irreparable injury.  Asking the Court to take the drastic measure of intervening and essentially ordering a healthcare facility to admit and treat him and to have

---

[4]      It is not clear whether Plaintiff intends to refer to Augusta State Medical Prison in Grovetown, Georgia, or Augusta University Medical Center in Augusta, Georgia.

him transferred out of his current prison requires much more than his general allegations of not

receiving the medical care he would like for Hepatitis C.  Granting the requested relief may

effectively override the decisions of medical professionals and correctional officials regarding

how to manage the prison system and how to allocate healthcare, and Plaintiff simply has not

persuaded the Court his current medical condition is so severe at this juncture as to require the

Court to take such an extreme action.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979) (noting

prison administrators should be given "wide-ranging deference in the adoption and execution of

policies and practices that in their judgment are needed to preserve internal order and discipline

and to maintain institutional security").  Further, the Court does not find transferring Plaintiff to

a medical center constitutes "the least intrusive means necessary to correct" his concerns with his

current treatment plan.

The Court should decline Plaintiff's request to intervene in his medical care at this point

in the case.  I, therefore, **RECOMMEND** the Court **DENY** Plaintiff's request for preliminary

injunctive relief.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** all of Plaintiff's

claims against Defendant Turner, Defendant Coleman, and Defendant Yarborough and **DENY**

Plaintiff's request for preliminary injunctive relief.  I also **RECOMMEND** the Court **DISMISS**

any claims for injunctive relief against Defendant Cooper and **DISMISS** Plaintiff's claims for

monetary relief against Defendants in their official capacities.

Any objections to this Report and Recommendation shall be filed within 14 days of

today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate

Judge failed to address a contention raised in the Complaint must be included.  Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1191–92; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 7th day of December, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA